IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal Action No. 07-28-JJF |
| : | |
| JONATHAN EWELL, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Defendant, Jonathan Ewell, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing for use by the government any and all evidence illegally seized by law enforcement officials from Mr. Ewell or from the Acura TL in which he was riding, on or about December 10, 2006.

In support of this motion, Mr. Ewell avers as follows:[1]

1.  On December 10, 2006, Officers Dupont and Stoddard of the Wilmington Police Department conducted a traffic stop of an Acura TL in which Mr. Ewell was a passenger. Officers DuPont and Stoddard did not observe this vehicle commit any traffic violations, but instead stopped the vehicle based on alleged observations of Corporal Brock, another officer with the Wilmington

---

[1] The facts contained in paragraphs 1-6 of this motion were taken from the police reports prepared in connection with this case. Although Mr. Ewell cites these facts in his motion, he does not concede that the events transpired as stated by the officers in this case. Mr. Ewell submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

Police Department. Corporal Brock alleged that the car turned westbound from the 2400 block of N. Madison onto W. 24th Street without using a turning signal. Upon making this alleged observation, Corporal Brock radioed Officers Dupont and Stoddard and requested their assistance in stopping this vehicle. Officers Dupont and Stoddard responded to the location and subsequently stopped the vehicle in which Mr. Ewell was riding. At the time of the actual stop of the vehicle, Corporal Brock was not present. Following the stop of the vehicle, Officers Dupont and Stoddard made contact with the driver of the vehicle and with Mr. Ewell. Both occupants were subsequently ordered out of the car, and the car was subsequently searched, at which time two bags containing crack cocaine were allegedly recovered from inside of the car.

2.     A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991). "When police make a traffic stop, a passenger in the car, like the driver, is seized for Fourth Amendment purposes and [] may challenge the stop's constitutionality." Brendlin v. California, 127 S.Ct. 2400, 2401, 2007 WL 1730143 (U.S.Cal.). Mr. Ewell was clearly seized by police in this case. A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

3.     The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

4.      In the present case, there was no probable cause to justify the stop of the vehicle in which Mr. Ewell was a passenger. Mr. Ewell contests whether in fact a traffic violation occurred in this case to justify a stop of the vehicle. If there was no traffic violation in this case, then the police lacked probable cause to stop the vehicle. Even if the stop of the vehicle is found to be justified, there was no probable cause or reasonable suspicion to justify the subsequent warrantless search of the vehicle. Because the search was illegal, all evidence seized from this illegal search, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

5.       Mr. Ewell reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence after the completion of a hearing in this matter.

**WHEREFORE**, Defendant respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about December 10, 2006.

                                                          Respectfully submitted,

                                                           /s/
                                                          Eleni Kousoulis
                                                          Assistant Federal Public Defender
                                                          704 King Street, Suite 110
                                                          Wilmington, Delaware  19801
                                                          (302) 573-6010
                                                          ecf_de@msn.com
                                                          Attorney for Defendant Jonathan Ewell

Dated: June 25, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : : | |
| v. | : : | Criminal Action No. 07-28-JJF |
| JONATHAN EWELL, | : : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant's Pre-trial Motion to Suppress Physical Evidence and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2007, that any evidence seized at the time of Mr. Ewell's arrest in this case shall be suppressed.

_____
Honorable Joseph J. Farnan, Jr.
United States District Court